IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, TENNESSEE
AT CLARKSVILLE

| | |
|---|---|
| DAVID STARLEY, ) | |
| ) | |
| Plaintiff, ) | MC CC CV ED 12-864 |
| ) | No.: |
| vs. ) | |
| ) | |
| CLARKSVILLE MONTGOMERY COUNTY SCHOOL ) | JURY REQUESTED |
| SYSTEM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## VERIFIED COMPLAINT

Comes now the plaintiff, DAVID STARLEY, and for complaint against the defendant complains as follows:

### INTRODUCTION

This is a cause of action brought seeking to redress the deprivation of rights guaranteed to Plaintiff under the Family and Medical Leave Act of 1993 ("FMLA"), as codified at 29 U.S.C. 2601 et seq., and for discrimination in employment pursuant to the Tennessee Human Rights Act, T.C.A. § 4-21-101, et seq. based upon age, gender and racial discrimination.

### PARTIES

1. The plaintiff, David Starley, was at all times relevant



1

a citizen and resident of Clarksville, Montgomery County, Tennessee.

2. The defendant, CLARKSVILLE MONTGOMERY COUNTY SCHOOL SYSTEM, (hereinafter "CMCSS") is a local government entity located in Clarksville, Montgomery, Tennessee. It operates both the Montgomery County schools and schools within the city limits of Clarksville, Tennessee. Pursuant to Tennessee rules of Civil Procedure Rule 4.04(9) its agent for service of process is Michael Harris, the managing agent thereof. Mr. Harris may be served at 621 Gracy Avenue, Clarksville, Tennessee.

3. All acts occurred in Montgomery County, Tennessee, thus, venue is proper with this Court.

4. The complained of acts began on May 12, 2011, thus, all matters are timely brought pursuant to the applicable statute of limitations found at T.C.A. § 4-21-311 and 29 C.F.R. § 2617(c)(1) and (2).

**FACTS AS ALLEGED**

5. Plaintiff DAVID STARLEY, is a 65 year old white male who was employed by Defendant CMCSS from 1983 until the present.

6. Plaintiff holds a B.S. in Business Administration with a teaching endorsement from Austin Peay State University. In 1983 Plaintiff earned a Masters of Education from Austin Peay in administration supervision and an elementary certification. Plaintiff had previously served as a Juvenile Counselor/Probation

2

Officer for the Tennessee Department of Corrections.

7. During Plaintiff's employment with Defendant, he served as the Assistant Principal at Montgomery Central High School in Montgomery County, Tennessee from 1999 until he was removed from said position on or about May 12, 2011. Plaintiff's primary job duties consisted of being the disciplinarian for the student body. From 1992 until 1999, some seven years, Plaintiff was also an Assistant Principal at New Providence Middle School in Clarksville.

8. On or about March 14, 2011, Plaintiff informed his employer, that he needed to have a leave of absence for recuperation of his health. Plaintiff provided his employer with documentation from his physician and completed the paperwork necessary to obtain leave pursuant to the Family Medical Leave Act. Plaintiff requested leave from March 18, 2011 until May 16, 2011. Said Request for Leave of Absence/FMLA was approved by Plaintiff's immediate supervisor, Houston, on March 16, 2011, and by the Human Resource Director, Jobe, on March 17, 2011.

9. On May 12, 2011, while Plaintiff was on FMLA leave, the Director of Schools, Michael T. Harris, notified Plaintiff that his assignment was being changed and that Plaintiff was being taken out of his position as Assistant Principal and was being assigned to a classroom position. This is in direct violation of even Defendant's own policy which requires that upon return from

3

FMLA:

> *13. Return from Leave. When the employee returns from FMLA, he or she will be given the same or an equivalent job. CMCSS Human Resources Policy Number HUM-A016, effective 3/28/11.*

10. On May 13, 2011, Plaintiff was called to Central Office to meet with Harris and Jobe, the Human Resource Director. Plaintiff was told that he would not be returning to his job as Assistant Principal at Montgomery Central. Bruce Jobe, told Plaintiff that he could retire. Plaintiff advised Harris and Jobe that he was released to return to work on May 16, 2011, and further advised Harris and Jobe that he could not retire as he had missed the date to turn in his retirement papers. Harris and Jobe offered to waive the deadline if Plaintiff would retire. Thereafter, Jobe documented said meeting by letter to Plaintiff.

11. On May 13, 2011, Plaintiff was indeed released to return to work on May 16, 2011, by his physician, Stuart E. Smith, M.D.

12. On May 18, 2011, Jobe again, advised Plaintiff by letter that Plaintiff was being assigned as a teacher in the Alternative School Middle Grades Program at the alternative school.

13. Plaintiff was replaced at Montgomery Central by a black

4

female, McFadden Walker, who is younger than Plaintiff.

14. For the 2011-2012 School Year, Plaintiff was assigned to teach a special education class of students with serious behavior problems as a Special Education Inclusion Teacher. Plaintiff does not hold special education credentials nor has CMCSS trained Plaintiff in how to restrain these students so that the students would not be harmed. These are students with handicaps protected by Individual Education Plans (IEPS) that should be accorded the most qualified teachers to deal with their serious problems. Instead, these students were assigned to Plaintiff who had not taught in even a normal classroom for some twenty years. In November of 2011, Plaintiff was assigned to teach a self contained class of BSP students with no aide. In February of 2012, after a student was injured Mr. Bruce Gray was assigned to teach these students. Mr. Gray likewise was not special education certified and after he complained Mr. Gray was reassigned to the social studies class he had been teaching throughout the school year.

15. Since being sent to the Alternative School, Plaintiff has not only been assigned to teach classes in which he was not qualified, but also, he has been falsely written up and not even accorded basic due process in doing so.

16. Plaintiff alleges that the actions of Defendant were illegal and were willful, thus, entitling Plaintiff to damages.

5

## COUNT I

### FAMILY AND MEDICAL LEAVE ACT

17. Plaintiff hereby incorporates paragraphs one (1) through sixteen (16) and incorporate these verbatim as if fully setforth herein;

18. Plaintiff alleges that Defendant is an employer as defined by the FMLA 29 C.F.R. §825.104;

19. Plaintiff alleges that he is an eligible employee under the FMLA as he has been employed by the employer for at least twelve months and has been employed for as least 1250 hours of service during the twelve month period immediately preceding the commencement of the leave and is employed at a worksite where 50 or more employees are employed by the employer within 75 miles of that worksite;

20. Plaintiff alleges that he had a serious health condition which prevented him from performing his job in March of 2011. Further, that Plaintiff sought FMLA leave from March 18, 2011 to May 16, 2011 which was granted by Defendant.

21. Plaintiff alleges that he was released by his physician to return to full duty on May 16, 2011.

22. Plaintiff alleges that prior to his release he was demoted from his position of Assistant Principal to an unknown teaching position and told that he could not even return to Montgomery Central to finish the school year and was instead to

6

stay home.

23. Plaintiff alleges that FMLA mandates that an employee who takes FMLA must be returned by the employer to the position which the employee held prior to the commencement of the leave or to an equivalent position without loss of benefits, pay or other terms or conditions of employment, 29 C.F.R. §825.214. The position in which Plaintiff was placed was had a significant decrease in pay, was a removal of substantial responsibility, caused Plaintiff to work less desirable hours, and was physically and emotional stressful to Plaintiff.

24. Plaintiff alleges that such actions on behalf of the employer were contrary to the laws of the United States, to wit, the Family and Medical Leave Act.

25. Plaintiff alleges that the actions taken by the defendant constituted interference with Plaintiff's rights under the Family and Medical Leave Act.

26. Plaintiff alleges that the actions taken by the defendant constituted retaliation for Plaintiff's exercise of rights under the Family and Medical Leave Act.

## COUNT II

### THE TENNESSEE HUMAN RIGHTS ACT

#### Age

27. Plaintiff hereby incorporates paragraphs one (1) through twenty six (26) and incorporate these verbatim as if

fully setforth herein;

28. Plaintiff alleges that was at the relevant time sixty-four years of age and, thus, in the protected age category.

29. Plaintiff alleges that he was qualified to be an Assistant Principal;

30. Plaintiff alleges that he suffered an adverse employment action, to wit, he was demoted and/or reassigned to a less desirable position;

31. Plaintiff alleges that he was replaced by a younger person;

32. Plaintiff alleges that he was subjected to age discrimination prohibited by the Tennessee Human Rights Act, T.C.A. § 4-21-101, *et seq.*

### COUNT III

#### THE TENNESSEE HUMAN RIGHTS ACT

#### Gender

33. Plaintiff hereby incorporates paragraphs one (1) through thirty-two (32) and incorporate these verbatim as if fully setforth herein;

34. Plaintiff alleges that he is a male;

35. Plaintiff alleges that he was qualified to be an Assistant Principal;

36. Plaintiff alleges that he suffered an adverse employment action, to wit, he was demoted and/or reassigned to a

8

less desirable position;

37.  Plaintiff alleges that he was replaced by a female;

38.  Plaintiff alleges that he was subjected to gender discrimination prohibited by the Tennessee Human Rights Act, T.C.A. § 4-21-101, *et seq.*

## COUNT IV

### THE TENNESSEE HUMAN RIGHTS ACT

### Race

39.  Plaintiff hereby incorporates paragraphs one (1) through thirty-eight (38) and incorporate these verbatim as if fully setforth herein;

40.  Plaintiff alleges is a white person;

41.  Plaintiff alleges that he was qualified to be an Assistant Principal;

42.  Plaintiff alleges that he suffered an adverse employment action, to wit, he was demoted and/or reassigned to a less desirable position;

43.  Plaintiff alleges that he was replaced by a black female;

44.  Plaintiff alleges that he was subjected to race discrimination prohibited by the Tennessee Human Rights Act, T.C.A. § 4-21-101, *et seq.*

9

**DAMAGES**

45. Plaintiff alleges that the actions of Defendant, through its agents, caused him damages. Further, said actions of Defendant caused him to suffer lost wages, both past and future. Accordingly, Plaintiff seeks damages from Defendant to include but, not limited to, compensatory damages, liquidated damages, lost wages, past and future, lost benefits, attorney fees and costs. Plaintiff seeks to be reinstated to his former position of Assistant Principal at Montgomery Central High School.

WHEREFORE, PLAINTIFF DAVID STARKLEY, prays for the following relief:

A. That service of process issue as to the defendant as set forth in Rule 4 of the Tennessee Rules of Civil Procedure;

B. That Plaintiff be reinstated to his former position of Assistant Principal at Montgomery Central High School;

C. That Plaintiff recover compensatory damages;

D. That Plaintiff recover liquidated damages;

E. That Plaintiff recover exemplary damages;

F. That Plaintiff be awarded front pay and back pay;

G. That Plaintiff recover prejudgment and post judgment interest;

H. That Plaintiff be awarded attorney fees and costs;

I. That the court award Plaintiff such other, further,

general and different relief to which he may show himself entitled.

J. That a jury of twelve (12) be empaneled to try this cause.

**COST BOND**

I, am surety for costs in this matter.

*[signature]*

Debra A. Wall

11

Case 3:12-cv-00465 Document 1-1 Filed 05/09/12 Page 11 of 12 PageID #: 14

Respectfully submitted,

*(signature)*
DEBRA A. WALL, BPR #11331
WALL & POTTER
Attorney for Plaintiff
133 Franklin Street
Clarksville, TN 37040
telephone: (931) 906-3904
facsimile: (931) 906-3908
e-mail: debraawall@msn.com
Court mail box #48

**VERIFICATION**

I, David STARLEY, hereby make oath in due form of the law that the statements contained in my foregoing complaint are true and correct to the best of my knowledge information and belief.

*(signature)*
David STARLEY

SWORN TO AND SUBSCRIBED before me this the 14th day of March, 2012.

*(signature)* Rhonda Gonzalez
Notary Public

My Commission Expires: 12/14/15

*(Notary seal: RHONDA GONZALEZ, STATE OF TENNESSEE NOTARY PUBLIC, MONTGOMERY COUNTY)*