# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID STARLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12-cv-00465 |
| ) | Judge Nixon |
| CLARKSVILLE-MONTGOMERY COUNTY ) | Magistrate Judge Knowles |
| SCHOOL SYSTEM, ) | |
| ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## CASE MANAGEMENT ORDER

### I. Jurisdiction and Venue

The Court has jurisdiction of this cause pursuant to 28 U.S.C. §§ 1331 and 1367.

Jurisdiction and venue are not disputed.

### II. Responsive Pleadings

Defendant has filed an Answer to Plaintiff's Complaint.

### III. Parties' Theories of the Case

#### A. Plaintiff's Theory of the Case

Plaintiff is a 65 year old white male who was employed by Defendant. During such employment Defendant has served as the Assistant Principal at Montgomery Central High School from 1999 until his removal. Plaintiff requested Family and Medical Leave which was granted. While Plaintiff was on FMLA leave, he was notified his assignment was being changed and that Plaintiff was being taken out of his position as Assistant Principal. This is in direct violation of even Defendant's own policy which requires that upon return from FMLA:

*13. Return from Leave. When the employee returns from FMLA, he or she will be given the same or an equivalent job. CMCSS Human Resources Policy Number HUM-A016, effective 3/28/11.*

Plaintiff was placed in a class room of students with serious behavior problems as a Special Education Inclusion Teacher. This position required Plaintiff to teach children with special needs for which he was not trained or certified to teach.

Plaintiff was called to Central Office to meet with the superintendent and the Human Resource Director who advised Plaintiff that he could retire. When Plaintiff advised Harris and Jobe that he could not retire as he had missed the date to turn in his retirement papers, Harris and Jobe offered to waive the deadline if Plaintiff would retire. Plaintiff was replaced by a black female, who is younger than Plaintiff.

Plaintiff alleges that the actions of Defendant are in violation of the Family and Medical Leave Act (interference with Plaintiff's rights and retaliation), age discrimination, race discrimination and gender discrimination. Plaintiff seeks damages from Defendant, to wit: reinstatement to position as Assistant Principal at Montgomery Central, compensatory damages, liquidated damages, exemplary damages, front and back pay, attorney fees, costs and interest.

**B. Defendant's Theory of the Case**

Defendant, Clarksville-Montgomery County School System (CMCSS), acknowledges that Plaintiff, a teacher employed by it, was assigned to the position of assistant principal at one of its schools, Montgomery Central High School (MCHS) through June 30, 2011. In March 2011 Plaintiff requested Family Medical Leave Act (FMLA) leave through May 16, 2011, and said FMLA request was granted by Defendant. On or about May 12, 2011, in accordance with Tennessee law, T.C.A. §49-5-401(a), which requires all educators and school personnel to be assigned to their positions by May 15th prior to the beginning of the next school year, Defendant

did inform Plaintiff of his reassignment to the classroom effective for the new 2011-2012 school year. Plaintiff remained in his position of assistant principal with full pay and benefits through June 30, 2011, after he was released to return to work on May 16, 2011.

The decision to reassign Plaintiff to a classroom teaching position effective July 1, 2011, for the 2011-2012 school year was due to his inability to satisfactorily perform certain required administrative duties including but not limited to his not being a strong instructional leader and his not consistently exhibiting good communication skills. In addition, changes in educational laws and regulations necessitated that Defendant have in place school administrators with strong instructional knowledge and background, strong communication skills, among other things. In accordance with state law, the Director has the discretion to make school administrator assignments based upon who best meets the needs of the School System.

Upon the reassignment of Plaintiff to a classroom teaching position, the MCHS assistant principal position was posted, and ultimately Kimberly McFadden Walker was appointed to that position. Prior to the 2011-2012 school year Walker had been an assistant principal with Defendant dividing her time between MCHS and Montgomery Central Middle School. Walker is an African-American female who is younger than Plaintiff; however, she is over forty.

Defendant denies liability under the Family Medical Leave Act. Specifically Defendant denies that it interfered with Plaintiff's FMLA rights or that it retaliated against Plaintiff for exercising his FMLA rights. Defendant has many employees who have utilized FMLA leave throughout the years and Defendant has never made employment decisions based upon utilization of FMLA leave with any employee. Defendant denies liability under the Tennessee Human Rights Act   Defendant denies that Plaintiff was discriminated against on the basis of his race, gender or age. There is no causal relationship or connection between the Plaintiff's age,

gender, or race, or his exercising FMLA rights, and the decision to transfer Plaintiff to a teaching position. As set forth previously, the decision to transfer Plaintiff to a teaching position was based on legitimate, non-discriminatory business reasons. Age was not the determining factor in the Defendant's decision to transfer Plaintiff from an assistant principal position to a teaching position.

Pursuant to the law, exemplary or punitive damages are not recoverable and such claim must be dismissed. Defendant denies that it is responsible to the Plaintiff for any damages, costs or fees.

## IV. Status of the Issues Presented

All issues regarding liability and damages in this case are in dispute.

## V. Amendment to the Pleadings

Plaintiff does not anticipate further amending their Complaint at this time, however, any Motion to Amend the pleadings by either party or to join additional parties, must be filed no later than October 1, 2012.

## VI. Discovery

### A. Rule 26(a)(1) Disclosures

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within thirty (30) days of the Case Management Conference, or September 4, 2012. The parties shall disclose the identity of any witnesses and make other disclosures pursuant to Rule 26(a), F.R.C.P. with the exception of expert witnesses.

### B. Other Pretrial Discovery Matters

All written discovery shall be served in such a manner that it will be responded to by the other party by February 15, 2013. All discovery related

motions shall be filed on or before February 22, 2013.

.

.

There shall be no stay of discovery pending disposition of any motions.

On or before March 8, 2013, the Plaintiff shall declare to the Defendant (not to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(b).

On or before April 8, 2013, the Defendant shall declare to the Plaintiff (not to file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed on or before April 30, 2013. All expert depositions shall be completed by June 15, 2013. There shall not be any rebuttal expert witnesses.

.

.

.

.

**C. E-Discovery**

The parties have not yet reached an agreement on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No, 174 will apply to this case until such time, if ever, the parties reach an agreement as to electronic discovery.

**VII. Dispositive Motions**

All dispositive motions shall be filed on or before July 15, 2013, and any response thereto must be filed within twenty-eight (28) days thereafter and any reply within fourteen (14) days thereafter. The motion and response memoranda are limited to 25 pages and the reply, if a reply is filed, is limited to five pages, absent Court permission for longer pleading.

**VIII. Other Matters**

(1) If there is a need or desire for an additional case management conference, counsel shall contact courtroom deputy for scheduling.

(2) The parties have not yet discussed settlement. At the present, the parties do not anticipate the need for a settlement conference. However, in the event a conference becomes necessary either party may request a settlement conference. The parties will confer regarding whether alternative dispute resolution techniques are appropriate.

**IX. Trial**

This case is set for jury trial on November 19, 2013, at 9:00 a.m. before Judge Nixon to last three to four days. The pretrial conference is set for November 8, 2013, at 10:00 a.m.

It is so ORDERED.

ENTERED this _____ day of _____, 2012.

_____
MAGISTRATE JUDGE